# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GEORGE MOORE, et al., )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>COMPASS GROUP USA, INC., )<br>)<br>Defendant. ) | Case No. 4:18-cv-01962-SEP |

## MEMORANDUM AND ORDER

Before the Court are consent motions to consolidate *Baldwin v. Compass Group USA, Inc.*, No. 4:23-cv-00568-JAR, and *Borrero v. Compass Group USA, Inc.*, No. 4:23-cv-00586-RLW, with this case. *See* Docs. [228], [231]. For the reasons stated in the motions and on the oral record on June 15, 2023, *see* Doc. [239], the motions to consolidate are granted.

On June 15, 2023, the Court ordered the parties to submit briefing on George Moore's status as a lead plaintiff in Case No. 4:18-cv-01962-SEP, and whether in light of Moore's impending withdrawal, these consolidated cases should be transferred. Doc. [236]. The parties have now fully briefed the issues. *See* Docs. [240], [241], [248]. In Plaintiffs' Response to the Court's Order, Doc. [240], Plaintiff George Moore "asks the Court to dismiss his claim without prejudice" as he "has found himself unable to satisfy his obligations as class representative." Doc. [240] at 1. Plaintiff Moore later clarified that he "has not simply expressed the *intent* to seek dismissal; he *asked the Court* to dismiss his claims." Doc. [254] at 1. The Court construes Moore's request as a motion for voluntary dismissal by court order under Federal Rule of Civil Procedure 41(a)(2), which it grants, finding it proper.[1]

Given Moore's dismissal, there is no remaining "local plaintiff" or "direct local transaction," connecting this case to the Eastern District of Missouri. Doc. [240] at 1. Plaintiff argues that transfer is therefore proper to the United States District Court for the Central District of California. Defendant opposes transfer generally and argues that, if "this Court determines that transfer is appropriate, . . . the case should be transferred to the Western District of North Carolina," where Defendant resides. Doc. [241] at 6. The Court agrees with Plaintiffs that this

---

[1] Defendant has not opposed Moore's dismissal. *See* Doc. [253] at 3-4.

action should be transferred, given that no relevant connection exists between the Eastern District of Missouri and any party, the potential witnesses, or the dispute. But the Court agrees with Defendant that transfer should be to the Western District of North Carolina, rather than the Central District of California.

## LEGAL STANDARD

Section 1404(a) of Title 28 of the United States Code, the statute governing change of venue, provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."[2] "The statute 'was drafted in accordance with the doctrine of forum non conveniens, permitting transfer to a more convenient forum, even though the venue is proper.'" *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 634 n.30 (1964)). While the Eighth Circuit has "declined to offer an 'exhaustive list of specific factors to consider' in making the transfer decision," it has advised district courts to "weigh any 'case-specific factors' relevant to convenience and fairness to determine whether transfer is warranted." *Id.* (first quoting *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997); then quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

## DISCUSSION[3]

Both parties argue that the factors relevant to "the balance of convenience" and the "interest of justice" support their respective arguments. *See* Doc. [240] at 3-5; Doc. [241] at 4-6. The Court finds that those factors support transfer. *See Stewart Org.*, 487 U.S. at 29 ("A motion

---

[2] This case "might have been brought" in the United States District Court for the Western District of North Carolina. *See* 28 U.S.C. § 1391(b)(1); Doc. [12] ¶ 2.

[3] As a threshold matter, the Court rejects both parties' invocations of the law of the case doctrine. Defendant argues that the doctrine prohibits transferring this action generally, Doc. [241] at 2, and Plaintiff argues that it prohibits transferring this action to the Western District of North Carolina specifically, Doc. [248] at 3. Those arguments misunderstand the law of the case doctrine, which "applies to appellate decisions as well as to final decisions by the district court that have not been appealed. It does *not* apply to interlocutory orders, however, for they can always be reconsidered and modified by a district court prior to entry of a final judgment." *First Union Nat'l Bank v. Pictet Overseas Tr. Corp.*, 477 F.3d 616, 620 (8th Cir. 2007) (emphasis added) (internal citations and quotation omitted). The parties provide no argument that the Court's previous transfer orders are "final decisions," and the Court finds that they are not. *See Rsch. Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 976 (7th Cir. 2010) ("A decision granting or denying a section 1404(a) transfer is ordinarily a non-reviewable interlocutory order." (citation omitted)). Thus, the law of the case doctrine does not apply.

to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors."); *see also Terra Int'l*, 119 F.3d at 696 (listing factors).

    **A. Balance of Convenience**

In evaluating "the convenience of parties and witnesses" under § 1404(a), the Court may consider:

> (1) the convenience of the parties, (2) the convenience of the witnesses—including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law.

*Burkemper v. Dedert Corp.*, 2011 WL 5330645, at *2 (E.D. Mo. Nov. 7, 2011) (citing *Terra Int'l*, 119 F.3d at 696).

With the dismissal of Moore, none of the balance of convenience factors favors keeping these consolidated cases in the Eastern District of Missouri. Plaintiff Jilek argues that the factors favor transfer to the Central District of California, both because he lives there and because one of the "law firms [representing him] is based there." Doc. [240] at 3. Defendant argues that the Western District of North Carolina is the more convenient forum because it "is the home of [Defendant]" and "the majority of evidence and witnesses that will be introduced at trial . . . reside in the Western District." Doc. [241] at 6.

The Court agrees with Defendants that the Western District of North Carolina is the most convenient forum. While the Central District of California may be more convenient for Plaintiff Jilek, the Court is reluctant to rest its convenience determination on the viability of the sole remaining plaintiff from the original four cases after *all* of the other lead plaintiffs have ultimately elected to withdraw from the case. *See* Doc. [203] (dismissing Virginia Carter and Sean Madelmayer); Doc. [226] (dismissing Francis Jaye). Moreover, the two other cases that have now been consolidated with *Moore* and *Jilek* assert claims based on the law of states other than California. *See Baldwin v. Compass Group USA, Inc.*, No. 4:23-cv-00568-JAR (asserting claims under South Carolina law); *Borrero v. Compass Group USA, Inc.*, No. 4:23-cv-00586-RLW (asserting claims under Florida law). The consolidation of *Baldwin* and *Borrero* with this lawsuit underlines its lack of any meaningful connection to the Eastern District of Missouri, and it also undermines Jilek's argument that the balance of convenience favors transfer to the Central District of California.

3

The only judicial district having any consistent connection to this litigation is the Western District of North Carolina, which is also the "only forum that has a geographic nexus to all of the cases." Doc. [241] at 6. Defendant is located in that district, *id.*, and most of the witnesses reside there, Doc. [240] at 3. Therefore, the Court finds that the factors relevant to the balance of convenience in this action—specifically, the convenience of the parties, convenience of the witnesses, and location of the conduct in the Complaint—support transferring this case to the Western District of North Carolina.

### B. Interest of Justice

As to "the interest of justice" under § 1404(a), the Court may consider:

> (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law.

*Burkemper*, 2011 WL 5330645, at *2 (citing *Terra Int'l*, 119 F.3d at 696).

Plaintiff Jilek argues that his choice of forum "was originally the Central District of California, where he filed his case." Doc. [240] at 3. According to Plaintiff Jilek, he agreed to transfer this action to this District on account of the "benefit of having it consolidated with this case, a consideration that will no longer be applicable once he is the only remaining Plaintiff." *Id.* Now that Plaintiff Jilek is the sole lead plaintiff not only in his own case originally filed in California but also in the case captioned *Moore et al. v. Compass Group*—which is the only one of the consolidated cases asserting nationwide class claims—he indicates that his choice of forum is the Central District of California.

While courts generally "give great deference to a plaintiff's choice of forum," Doc. [43] at 4, that "'general' practice of according deference . . . is based on an assumption that the plaintiff's choice will be a convenient one." *In re Apple, Inc.*, 602 F.3d at 913 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981)). This Court has already decided that the balance of the factors relevant to convenience does not support transferring this case to Plaintiff's choice of forum. To the extent Plaintiff argues that that finding conflicts with the Court's September 26, 2019, Order *denying* transfer to the Western District of North Carolina, Doc. [43], the circumstances influencing that decision—made over four years ago—no longer exist in this case now that Moore is dismissed. *See id.* (concluding that "this district is clearly more convenient for Plaintiffs than the Western District of North Carolina" because now-former

4

plaintiffs lived and worked in this district, the particular vending machine from which those plaintiffs allegedly made purchases was located in this district, and their claims were based partly on Missouri law).

Furthermore, to the extent that transfer of this case will lead to delay in this action, as Defendant argues, any such delay would be a minor factor in the duration of a case whose basic composition is still in flux after five years of litigation.  The original plaintiff just dropped out, and two new plaintiffs and bodies of law are just now being consolidated by consent motion of the parties.  The recently filed motion for leave to amend the complaint, Doc. [250], is already partially moot in light of the substantial recent changes to the composition of the case.[4]  The fluidity of the case weakens any efficiency rationale for keeping it with the judge who has presided over it thus far, and the addition of new plaintiffs with claims under South Carolina and Florida law weakens any "interests of justice" argument for venue in Missouri or California.

## CONCLUSION

The convenience of the parties and witnesses and the relevant interests of justice favor transfer of this case to the United States District Court for the Western District of North Carolina.  *See* 28 U.S.C. § 1404(a).

Accordingly,

**IT IS HEREBY ORDERED** that the parties' consent motions to consolidate, Docs. [228], [231], are **GRANTED**.

**IT IS FURTHER ORDERED** that *Baldwin v. Compass Group USA, Inc.*, No. 4:23-cv-00568-JAR, and *Borrero v. Compass Group USA, Inc.*, No. 4:23-cv-00586-RLW, are consolidated with *Moore v. Compass Group USA, Inc.*, No. 4:18-cv-01962-SEP.

**IT IS FURTHER ORDERED** that henceforth all pleading and other documents in *Baldwin* and *Borrero* shall be filed in *Moore v. Compass Group USA, Inc.*, No. 4:18-cv-01962-SEP.  *See* E.D. Mo. L.R. 4.03 ("Following consolidation, all documents shall be filed only in the lowest-numbered case[.]").

**IT IS FURTHER ORDERED** that all deadlines in *Baldwin* and *Borrero* are vacated.

**IT IS FURTHER ORDERED** that *Jaye et al. v. Crane Merchandising Systems Inc et al.*, No. 4:20-cv-00266-SEP, is deconsolidated from *Moore v. Compass Group USA, Inc.*, No.

---

[4] The motion for leave to amend, Doc. [250], will accordingly be denied without prejudice to refiling in light of this Memorandum and Order.

5

4:18-cv-01962-SEP, and **DISMISSED** without prejudice.  *See* Doc. [239] at 20.  A separate Order of Dismissal accompanies this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk of Court transfer this case and the consolidated cases, *Jilek v. Compass Group USA, Inc. et al.*, No. 4:19-cv-03335-SEP, *Baldwin v. Compass Group USA, Inc.*, No. 4:23-cv-00568-SEP, and *Borrero v. Compass Group USA, Inc.*, No. 4:23-cv-00586-SEP, to the United States District Court for the Western District of North Carolina.  *See* 28 U.S.C. § 1404(a).

**IT IS FURTHER ORDERED** that Plaintiff Jilek's Motion for Leave to File Supplemental Response to Court Order of June 15, 2023, Doc. [249], is **GRANTED**.

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Leave to Amend, Doc. [250], is **DENIED** without prejudice to refiling in light of this Memorandum and Order.

Dated this 15th day of November, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

6